

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

October 20, 2023

**Via ECF**
Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007



Re:  Sircar v. City University of N.Y., et al. 23-CV-6304 (S.D.N.Y.) (JGLC) (JVF),
Stay Request

Your Honor:

  This Office represents Defendants, The City University of New York ("CUNY") and Vincent Boudreau, the President of The City College of New York ("City College" or the "College"), in this action. I write to respectfully request that the Court stay this action pending the outcome of an arbitration that involves issues which overlap with the issues raised in the Complaint in this action. If the Court denies this request, Defendants respectfully request 30 days from the date of the Court's denial to answer, move to dismiss, or otherwise respond to the Complaint. Plaintiff consents to the request for a stay and to the request for additional time to respond to the complaint.[1] This is Defendants' first request for the relief sought in this letter.

  In the Complaint, Plaintiff, a former City College professor, asserts retaliation and age, race, and national origin discrimination claims under Title VII, the New York State Human Rights Law, and the New York City Human Rights Law. Plaintiff claims that Defendants discriminated against her by denying her reappointment and tenure and retaliated against her by canceling a course she was scheduled to teach after she contested the alleged discrimination. *See, e.g.,* Compl. ¶¶ 2-3, 70, 80, 89, 98, ECF No. 1. Plaintiff primarily bases her claims on allegations that Defendants did not prioritize the construction of Plaintiff's lab, and that two younger, non-Asian professors were granted tenure while her application for tenure was denied. *See, e.g.,* Compl. ¶¶ 19, 37, 70, 80.

  Before commencing this action, Plaintiff, through her union and pursuant to the applicable collective bargaining agreement, filed a grievance in November 2021 challenging the College's decision denying Plaintiff reappointment with tenure. The College's decision was upheld in the Step One and Step Two grievance proceedings, and Plaintiff then appealed by demanding arbitration pursuant to the collective bargaining agreement in January 2023. A copy of the

---

[1] Defendants' current deadlines to respond to the Complaint are October 23 and 24, 2023. *See* ECF Nos. 10 and 11.

Arbitration Demand, which encloses the Step One and Step Two decisions, is attached as Exhibit A. As in the present action, Plaintiff's grievance challenges the decision denying her reappointment with tenure, and alleges that she was discriminated against based on her age and race and supports the claims with the same allegations concerning her lab and the outcomes of other professors' tenure applications. *Compare* Compl. ¶¶ 19, 37, 70, 80, *with* Step Two Decision at 4, Ex. A ("…the College prioritized the construction of a white male colleague's laboratory over" Plaintiff's, and "two white female colleagues who are younger than [Plaintiff] received early tenure … while [Plaintiff] was denied early tenure in 2014 …"). The arbitration commenced before the American Arbitration Association in June 2023, and testimony is expected to conclude on October 23, 2023. Once testimony concludes, Defendants anticipate that the arbitrator will set a schedule for post-hearing briefing.

A district court "may stay a case pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997). "In assessing whether a stay is appropriate, a '[c]ourt must consider factors such as the desirability of avoiding piecemeal litigation and the degree to which the cases necessitate duplication of discovery or issue resolution.'" *Spurlock v. Thomson Reuters Am. Corp.*, No. 20-CV-9135, 2022 WL 604066, at *4-5 (S.D.N.Y. Mar. 1, 2022) (citations omitted). "The courts in this district have consistently granted stays pending arbitration where the nonarbitrable issues overlap the arbitrable issues, thus minimizing inconsistent results and conserving judicial resources." *Id.* (citing cases); *see also Birmingham Assocs. Ltd. v. Abbott Labs.*, 547 F. Supp. 2d 295, 302 (S.D.N.Y. 2008) ("Stays are particularly appropriate where they promote judicial economy, avoidance of confusion and possible inconsistent results."). The moving party "bears the burden of demonstrating that ... a stay is justified," *WorldCrisa Corp.*, 129 F.3d at 76, including showing that it "ha[s] not taken nor will take any steps to hamper the progress of the arbitration proceeding, that the arbitration may be expected to conclude within a reasonable time, and that such delay as may occur will not work undue hardship." *Spurlock*, 2022 WL 604066, at *4–5.

Here, a stay is appropriate because the arbitration and the Complaint involve overlapping issues, and the decision in the arbitration will likely impact this action. *See, e.g., Byrne v. Charter Commc'ns, Inc.,* 581 F. Supp. 3d 409, 423 n.7 (D. Conn. 2022) (staying action and noting "[u]nder its inherent power to manage its docket, a district court can stay a case pending arbitration when the arbitration may determine issues involved in the case ..." (quoting *Donjon Marine Co. v. Water Quality Ins. Syndicate*, 523 F. App'x 738, 740 (2d Cir. 2013)); Order, *Cojocaru v. Curtis*, No. 19-CV-5428 (S.D.N.Y. Aug. 11, 2021), ECF No. 197 (staying discrimination and retaliation action pending the outcome of a related arbitration); *Gilbert v. Dell Techs., Inc.,* 415 F. Supp. 3d 389, 400-01 (S.D.N.Y. 2019) (exercising discretion and staying action involving Title VII, NYSHRL, and NYCHRL claims that overlapped with a pending arbitration). Doing so will help the parties avoid piecemeal litigation, unnecessary discovery, and inconsistent results. *See Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 110 (S.D.N.Y. 2017) (citations omitted); *Champion Auto Sales, LLC*, 943 F. Supp. 2d at 355.

As an example, if Plaintiff prevails in the arbitration, she could ultimately be awarded reappointment with tenure, which would negate the adverse-employment-action element of her

claims in this action.[2] *See, e.g.,* Step One Decision 1, Ex. A (Plaintiff's requested remedy is "[r]eappointment with tenure effective September 1, 2022 …"); *see also In re New York City Dep't of Educ.,* No. 15-CV-7150, 2019 WL 1433163, at *3, *8 (S.D.N.Y. Mar. 29, 2019) (discriminatory termination claims failed because Plaintiffs were reinstated to their positions after the settlement of a union grievance filing); *Crump v. Fluid Handling, LLC*., No. 17-CV-45, 2019 WL 2145929, at *9 (W.D.N.Y. Mar. 29, 2019) (the adverse-employment-action elements of plaintiff's discrimination claims were negated where plaintiff's employment was subsequently reinstated), *report and recommendation adopted,* 2019 WL 2140595 (W.D.N.Y. May 16, 2019); *Powell v. Consol. Edison Co. of New York,* No. 97-CV-2439, 2001 WL 262583, at *8 n.9 (S.D.N.Y. Mar. 13, 2001) (noting that "there would appear to be no adverse employment action to challenge" through a Title VII claim where "in a … union grievance proceeding, an arbitrator found insufficient evidence" and the termination was reversed). Conversely, if CUNY prevails at the arbitration, it will show that CUNY acted properly and had legitimate, non-discriminatory reasons for its academic decision to deny Plaintiff tenure. *See generally Cortes v. MTA New York City Transit*, 802 F.3d 226, 232 (2d Cir. 2015) ("[A] decision of an independent and unbiased arbitrator based on substantial evidence after a fair hearing ... has probative weight regarding the requisite causal link between an employee's termination and the employer's illegal motive." (quoting *Collins v. New York City Transit Auth.*, 305 F.3d 113, 115 (2d Cir. 2002)).

Further, CUNY has not taken any action to hamper the progress of the arbitration, the arbitration is expected to conclude within a reasonable amount of time, and any delay will not work an undue hardship. Here, the arbitration is nearing conclusion: after testimony concludes on October 23rd, the parties will submit closing briefs, and absent an agreement otherwise, the arbitrator will then have 30 days to issue a decision. Such a delay will not work an undue hardship on Plaintiff, who indeed consents to the stay request. *See generally* Order, *Cojocaru v. Curtis*, No. 19-CV-5428 (S.D.N.Y. Aug. 11, 2021), ECF No. 197 (staying action pending the results of an arbitration that was just beginning); *cf. Am. Shipping Line, Inc. v. Massan Shipping Indus., Inc.,* 885 F. Supp. 499, 503 (S.D.N.Y. 1995) (stay would prejudice plaintiff because evidence in the case was at risk of being destroyed due to the Algerian Civil War). On the other hand, both parties will "be prejudiced if they are required to engage in duplicative litigation." *Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd*., No. 10-CV-8134, 2011 WL 1465744, at *5 (S.D.N.Y. Apr. 15, 2011).

Besides Defendants' deadlines to respond to the Complaint, the only pending deadline in this action is the November 22, 2023 pretrial conference. *See* ECF No. 8. Defendants respectfully request that the Court adjourn that conference *sin die* pending the outcome of the arbitration, and the parties can submit a letter no later than 14 days after the arbitrator issues its decision.

Accordingly, Defendants respectfully request that the Court stay this action pending the outcome of the arbitration and direct the parties to file a letter notifying the Court of the outcome of the arbitration no later than 14 days after the arbitrator issues her decision. Alternatively, if the Court denies this request, Defendants respectfully request that the Court extend the Defendants' deadlines to answer, move to dismiss, or otherwise respond to the Complaint until 30 days from

---

[2] Depending on the outcome of the arbitration, Plaintiff's candidacy for reappointment and tenure may be remanded to a committee for reconsideration.

Hon. Jessica G. L. Clarke                                                                                           Page 4 of 4
October 20, 2023

the date of the Court's decision.

       Thank you for your consideration of this request.

Respectfully Submitted,

/s/ *Samuel Martin*
SAMUEL MARTIN
Assistant Attorney General
28 Liberty Street
New York, NY 10005
212-416-8920
samuel.martin@ag.ny.gov

cc: Counsel of record via ECF

```
Application GRANTED.  The conference previously scheduled for November 22,
2023, is hereby ADJOURNED sine die, and this case is hereby STAYED pending
the outcome of the parties' arbitration.  The parties are directed to
submit a joint letter to the Court on or before the fourteenth day after
the arbitrator issues its decision, at which point the Court will consider
Defendants' application to extend the answer deadline nunc pro tunc.

The Clerk of Court is directed to terminate the pending motion at docket
number 12.

Dated:    October 27, 2023            SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE